IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FREDDIE D. MATTHEWS                                          PLAINTIFF

               v.                          Civil No. 06-5064

OFFICER K. HILL; and
OFFICER M. DUNHAM                                    DEFENDANTS

## **O R D E R**

On July 17, 2006, a motion to quash was filed on behalf of Kyle Hill (Doc. 13). The motion asserts that Hill was at the time service was purportedly made on him, and is currently, on active military duty in Iraq. The motion did not contain a copy of Hill's orders or any specifics regarding his term of service. For this reason, an order was entered on October 25, 2006 (Doc. 24), directing that further information be provided the court regarding Hill's military service. On November 6, 2006, an amended motion to quash was filed (Doc. 28).

The amended motion contains a copy of Hill's orders. Hill was ordered by his commanding officer of the United States Marine Corps, Weapons Company, 3D Battalion, 24th Marines, 4th Marine Division to report for military duty no later than 1700 hours on June 1, 2006. Hill's tour of duty is scheduled to last until May 31, 2007.

The return of service filed by the United States Marshal Service reflects that service was accepted on Officer Hill by Tangie Denzer, executive administrative assistance to the sheriff (Doc. 10) on June 27, 2006. As noted above, Hill reported for active military duty on June 1, 2006.

On December 19, 2003, the Servicemembers Civil Relief Act of 2003, Pub. L. No. 108-189, 117 Stat. 2835 (the Act), was signed into law. It revises the Soldiers' and Sailors' Civil Relief Act of 1940 and is now codified at 50 App. U.S.C. § 501 *et seq*. One of the purposes of the Act is "to

-1-

AO72A
(Rev. 8/82)

provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 App. U.S.C. § 501.

In the case of servicemembers who do not have notice of the action or proceeding and have not entered an appearance, as is true in this case, § 521(d) provides as follows:

> In an action covered by this section in which the defendant is in the military service, the court shall grant a stay of proceedings for a minimum period of 90 days under this subsection upon application of counsel, or on the court's own motion, if the court determines that--
>
> (1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant; or
>
> (2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists.

50 App. U.S.C. § 521(d).

In this case, Hill was already on active duty when the court ordered the complaint served on him. He therefore has no notice of the case or claim against him and § 521(d) is applicable. The court finds that Hill may have a defense to the action and he cannot present this defense while on active duty in Iraq. For this reason, a stay and administrative termination of the action as against Officer K. Hill is granted during the period of his active service in Iraq and for a period of ninety (90) days thereafter.

The motions to quash service are granted. This stay as against Hill may be lifted upon the filing of a motion to reopen at the expiration of the period specified.

IT IS SO ORDERED this 14th day of November 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)